UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| JUSTIN E. CALLAHAN | CIVIL ACTION NO. 12-2955 |
|     FED. REG. NO. 03245-095 | SECTION P |
| VS. | JUDGE MINALDI |
| J. P. YOUNG | MAGISTRATE JUDGE KAY |

REPORT AND RECOMMENDATION

*Pro se* petitioner Justin E. Callahan filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 on November 19, 2012.  Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP).  He is incarcerated at the Federal Correctional Institution, Oakdale, Louisiana (FCIO), and he complains that he should be excused from the BOP's administrative exhaustion requirement as it relates to his placement in a pre-release residential re-entry center (RRC).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.  For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE** because petitioner failed to fully exhaust available administrative remedies prior to filing his petition.

*Background*

Petitioner is a BOP inmate who is serving a 180 month sentence.  He states that he is scheduled for release on May 29, 2015.  Doc. 1, att. 2, p. 1.  However, the Federal Bureau of

Prisons' inmate locator website lists his release date as May 29, 2014.[1]  In his petition, Callahan argues that he should not be required to adhere to the BOP's 3-step administrative procedure for inmates who seek formal review of their complaints.  At the time of filing it appeared that petitioner had not begun pursuing his administrative remedies.

### *Law and Analysis*

A federal prisoner may challenge the manner in which his sentence is being executed by filing a petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 in the judicial district where he is incarcerated.  More specifically, a prisoner may utilize the provisions of §2241 to challenge the BOP's regulations in regard to placement in a Residential Re-entry Center (RRC), Community Corrections Center (CCC) or halfway house.  *See Mihailovich v. Berkebile*, 2007 WL 942091 (N.D. Tex. Mar. 28, 2007)("confinement in a traditional federal prison is 'qualitatively different' from community confinement, and thus justifies utilization of §2241.")(citation omitted).

However, such prisoners must first exhaust administrative remedies prior to presenting their claims in federal court.  *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir.1994).  The BOP provides a 3-step administrative procedure for inmates who seek formal review of their complaints.  *See* 28 C.F.R. §§ 542.10-542.19.  BOP Program Statement (PS) 1330.13, Administrative Remedy Program, outlines the procedure and provides detailed guidance regarding the procedures to be employed.  Prisoners must first "present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy."  28 C.F.R. § 542.13.  If unsuccessful, prisoners must thereafter utilize the formal procedures which involve the filing of a BP-9 (to the warden), BP-10 (to the appropriate BOP regional director), and BP-11 (to the BOP general counsel) form.

---

[1] Federal Bureau of Prisons, http://www.bop.gov.

*Id.* §§ 542.14-542.15.  The BP-11 appeal "is the final administrative appeal."  *Id.* § 542.15(a).
When this three-step review process is complete, the federal inmate's claim will be considered
exhausted.

Only when "the available administrative remedies either are unavailable or wholly
inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be
a patently futile course of action," are inmates exempted from the requirement that they exhaust
administrative remedies prior to proceeding with a *habeas* action in court.  *Fuller,* 11 F.3d at 62
(citation omitted).  Such exceptions to the exhaustion requirement "apply only in 'extraordinary
circumstances,' and [petitioner] bears the burden of demonstrating the futility of administrative
review."  *Id.* (citation omitted).  Thus, if a BOP inmate demonstrates an applicable exception to
the exhaustion requirement, he may obtain a merits ruling on his §2241 petition despite a lack of
exhaustion.  *Id.*

Petitioner states that failure to exhaust should be excused due to futility because if he was
required to pursue administrative remedies, he would likely be irreparably harmed due to the
length of the time that the administrative process would take.  However, this, in and of itself, is
not such an extraordinary circumstance to warrant waiver of the exhaustion requirement.  The
Supreme Court has required inmates who may be entitled to immediate release to exhaust their
administrative remedies.  Confronted with the argument "that to require exhaustion of state
remedies ... would deprive a ... prisoner of the speedy review of his grievance which is so often
essential to any effective redress," the Court acknowledged that "exhaustion of ... remedies takes
time" but concluded that "there is no reason to assume that ... prison administrators ... will not
act expeditiously."  *Preiser v. Rodriguez*, 411 U.S. 475, 494-95 (1973).  In short, petitioner has

not shown the extraordinary circumstances necessary to exempt him from the exhaustion requirement.

Further, this is exactly the type of dispute that may best be resolved through the administrative review process.  See *Parisi v. Davidson*, 92 S.Ct. 815, 818 (1972) ("The basic purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its special competence – to make a factual record, to apply its expertise, and to correct its own errors so as to moot judicial controversies.").

Petitioner must exhaust his administrative remedies with respect to this issue; his failure to do so should not be excused.[2]

Therefore,

**IT IS RECOMMENDED THAT** the Petition for Writ of *Habeas Corpus* be **DENIED** and **DISMISSED WITHOUT PREJUDICE** because petitioner failed to fully exhaust administrative remedies prior to filing suit.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days**

---

[2]  Although the Supreme Court has held that the failure to exhaust administrative remedies must be pleaded as an affirmative defense under the Prison Litigation Reform Act ("PLRA"), *Jones v. Bock*, 127 S.Ct. 910 (2007), the PLRA does not apply to federal *habeas* proceedings.  Nothing in *Jones* prohibits the *sua sponte* dismissal of a section 2241 petition on exhaustion grounds.  Further, even in cases governed by *Jones* and the PLRA, "... a court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust."  *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir.2007).  Petitioner's complaint makes it abundantly clear that he did not complete the BOP administrative remedy procedure prior to filing suit.

**following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 23rd day of May, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE